UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
5:17-cv-212-KDB
(5-13-cr-80-KDB-DSC-2)

| | |
|---|---|
| WINCY JOSEPH, | ) |
| Petitioner, | ) |
| v. | ) ORDER |
| UNITED STATES OF AMERICA, | ) |
| Respondent. | ) |

**THIS MATTER** is before the Court upon Petitioner's Motion to Vacate pursuant 28 U.S.C. § 2255, (Doc. No. 1).

Petitioner was charged in the underlying criminal case with: Count (1), armed bank robbery and aiding and abetting; and Count (2), possession of a firearm in furtherance of a crime of violence (armed bank robbery) and aiding and abetting. (5:13-cr-80, Doc. No. 1). A jury found Petitioner guilty of both offenses, (Id., Doc. No. 48), and he was sentenced to a total of 135 months' imprisonment. (Id., Doc. No. 82).

Petitioner argued on direct appeal that his § 924(c) conviction based on bank robbery must be vacated because bank robbery is not a crime of violence and that the Court provided plainly erroneous jury instructions. The Fourth Circuit Court of Appeals affirmed on February 24, 2017. United States v. Freeman, 680 Fed. Appx. 181 (4th Cir. 2017).

Petitioner filed the instant § 2255 Motion to Vacate on November 22, 2017. He argues that counsel was ineffective during plea negotiations by failing to present him with a written plea offer and for misadvising him about the strength of the Government's case and elements of the charged offenses. Petitioner contends that, if counsel had provided him with accurate advice, Petitioner

1

would have accepted the Government's plea offer. He asks to be resentenced as though he had pled guilty.

The Court finds that an evidentiary hearing should be held on Petitioner's claim of ineffective assistance of counsel.

Rule 8(c) of the Rules Governing Section 2255 Proceedings provides that appointment of counsel is required for an evidentiary hearing if the petitioner qualifies under 18 U.S.C. § 3006A. As Petitioner qualified for court appointed counsel at the trial level and on appeal, and because he has been incarcerated since November 2013, it appears that he qualifies for appointment of counsel for the evidentiary hearing in this matter.

**IT IS, THEREFORE, ORDERED** that:

1. An evidentiary hearing regarding Petitioner's claim of ineffective assistance of counsel with regards to plea negotiations will be scheduled for **Wednesday, November 6, 2019 at 9:30AM** at the Charlotte Courthouse, 401 West Trade Street.
2. A separate order will be entered notifying the U.S. Marshals Service to have Petitioner present in the U.S. District Court in Charlotte, North Carolina for the hearing.
3. The Clerk of Court is directed to appoint CJA counsel for Petitioner.
4. The Clerk of Court is directed to certify copies of this Order to Petitioner, the U.S. Marshals Service, CJA counsel, and the U.S. Attorney.

**IT IS SO ORDERED.**

Signed: October 7, 2019

Kenneth D. Bell
United States District Judge