IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
CIVIL ACTION NO. 5:17-CV-00212-KDB

| | |
|---|---|
| WINCY JOSEPH,<br><br>Petitioner,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>Respondent. | ORDER |

**THIS MATTER** is before the Court following an evidentiary hearing held on February 11, 2020 in Statesville on Petitioner's Motion to Vacate, Set Aside or Correct a Federal Sentence of Conviction Pursuant to 28 U.S.C. § 2255. (Doc. No. 1) ("Motion"). Petitioner argues that he was deprived of the effective assistance of counsel during the plea negotiation stage, which resulted in him pleading not guilty and proceeding to trial. The Government opposes Petitioner's Motion. (*See* Doc. No. 5). For the reasons stated briefly below, the Court will **DENY** Petitioner's Motion.

## I. RELEVANT BACKGROUND

Petitioner was charged in the underlying criminal case with two counts: Count 1, armed bank robbery and aiding and abetting; and Count 2, possession of a firearm in furtherance of a crime of violence (armed bank robbery) and aiding and abetting.[1] (5:13-cr-80, Doc. No. 1). He pled not guilty to the charges and proceeded to trial. A jury found Petitioner guilty of both offenses. (*Id.*, Doc. No. 48).

---

[1] Petitioner's co-Defendant, Darius Donnell Freeman, was additionally charged with carjacking and a second count of possession of a firearm in furtherance of a crime of violence.

1

To prepare for sentencing, the United States Probation Office prepared Petitioner's Presentence Investigation Report ("PSR"). The PSR scored the base offense level for Count (1) as 20 because the offense involved violations of 18 U.S.C. §§ 2113(a) and (d). (*Id.*, Doc. No. 74 at ¶ 22). Four more levels were added to make Petitioner's total offense level a 24—two levels were added because the offense involved a property belonging to a financial institution, and two more levels were added because the offense involved carjacking of the vehicle used to carry out the robbery. (*Id.*, Doc. No. 74 at ¶¶ 23, 25). For Count (2), the term of imprisonment was governed by the statutory requirements in 18 U.S.C. § 924(c). (*Id.*, Doc. No. 74 at ¶ 33). Petitioner had one criminal history point, resulting in a criminal history score of I. (*Id.*, Doc. No. 74 at ¶¶ 89-91).

Petitioner filed PSR Objections through counsel asserting, *inter alia*, that the Offense Conduct section was incorrect because "he was not involved with the armed bank robbery . . . and generally objects to the information contained in PSR Paragraphs 5 through 16." (*Id.*, Doc. No. 71 at 1).

At the sentencing hearing, Petitioner agreed that he was "fully satisfied with the services of [his] attorney in this matter . . . ." (*Id.*, Doc. No. 100 at 2). The Court sentenced Petitioner at the bottom of the advisory guidelines range to a total of 135 months of imprisonment comprised of 51 months for Count (1) and 94 months for Count (2), to run consecutively. (*Id.*, Doc. No. 82).

Petitioner argued on direct appeal that his § 924(c) conviction based on bank robbery must be vacated because bank robbery is not a crime of violence and that the Court plainly erred by providing jury instructions defining bank robbery as a crime of violence. The Fourth Circuit Court of Appeals affirmed Petitioner's conviction on February 24, 2017. *United States v. Freeman*, 680 Fed. Appx. 181 (4th Cir. 2017).

Petitioner filed the instant § 2255 Motion to Vacate on November 22, 2017.[2] He argues that counsel was ineffective for misadvising him about the strength of the Government's case, misadvising him about the elements of the charged offenses, and failing to convey any plea offers made by the prosecutor. In a supporting Declaration, Petitioner claims that he was initially prepared to plead guilty, but that counsel convinced him to go to trial with assurances that he would be acquitted without explaining the significance of the aiding and abetting charge. He also states that counsel never communicated a plea offer from the Government and never advised him of the sentencing benefits of such an offer or of pleading guilty without a plea agreement. Petitioner claims that he would have pled guilty with or without a Government plea offer had counsel accurately advised him that he could be convicted based on his co-defendant's conduct and if counsel had explained the difference in the potential sentencing exposure by pleading guilty. He asks that the Court resentence him as though he had pled guilty.

The Government filed a response opposing Petitioner's request for § 2255 relief along with an Affirmation from Petitioner's trial counsel, Christopher Shella. (Doc. No. 5-1). The Government argues that Petitioner's claim that counsel failed to communicate a plea offer should be dismissed because he has not shown that a favorable plea offer existed and that counsel failed to communicate it. The Government further contends that the claim that counsel misadvised Petitioner about the strength of the evidence should be denied because Petitioner cannot show prejudice. Mr. Shella's Affirmation states the opposite of what Petitioner claims. In it, Mr. Shella purports that he told Petitioner to plead guilty several times due to the overwhelming evidence against him and that he

---

[2] Petitioner filed his § 2255 Motion and reply pro se. This Court appointed Petitioner counsel in October 2019.

accurately explained to Petitioner the nature of his charges. Despite his advice, Mr. Shella states that Petitioner still chose to go to trial.

Petitioner filed a reply arguing that an evidentiary hearing was required to resolve the following genuine disputes of fact: (1) whether former counsel advised Petitioner to proceed to trial because the Government lacked sufficient evidence to convict him; (2) whether former counsel explained vicarious liability and misadvised Petitioner that he could not be convicted of violating § 924(c); and (3) whether former counsel failed to advise Petitioner about the benefits of pleading guilty or failing to present him with a written plea offer. (Doc. No. 9).

After carefully reviewing Petitioner's Motion and the Government's response, the Court decided to hold an evidentiary hearing to inquire into certain inconsistencies in the parties' briefs and supporting statements. The hearing was held on February 11, 2020 at the Statesville Courthouse. Petitioner was represented by counsel during the hearing and testified as a witness in support of his Motion. The Government called Mr. Shella to testify and rebut Petitioner's claims.

## II. SECTION 2255 STANDARD OF REVIEW

A federal prisoner claiming that his "sentence was imposed in violation of the Constitution or the laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence." 28 U.S.C. § 2255(a).

The Sixth Amendment to the United States Constitution guarantees that in all criminal prosecutions, the accused has the right to the assistance of counsel for his defense. *See* U.S. Const. Amend. VI. In order to succeed on a claim of ineffective assistance of counsel, a petitioner must show: (1) that his counsel's performance fell below an objective standard of reasonableness; and

(2) that counsel's deficient performance was prejudicial. *See Strickland v. Washington*, 466 U.S. 668, 687-88 (1984). The deficiency prong turns on whether "counsel's representation fell below an objective standard of reasonableness . . . under prevailing professional norms." *Id.* at 688. A reviewing court "must apply a 'strong presumption' that counsel's representation was within the 'wide range' of reasonable professional assistance." *Harrington v. Richter*, 562 U.S. 86, 104 (2011) (quoting *Strickland*, 466 U.S. at 689).

The Sixth Amendment "guarantees reasonable competence, not perfect advocacy judged with the benefit of hindsight." *See Yarborough v. Gentry*, 540 U.S. 1, 8 (2003). Accordingly, the prejudice prong inquires into whether counsel's deficiency affected the judgment. *See Strickland*, 466 U.S. at 691. Even when a petitioner establishes deficient performance, the petitioner must also demonstrate "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.* at 694. "However, we cannot grant relief solely because the outcome would have been different absent counsel's deficient performance. Instead, we can only grant relief under the second prong of *Strickland* if the 'result of the proceeding was fundamentally unfair or unreliable.'" *Sexton v. French*, 163 F.3d 874, 882 (4th Cir. 1998) (quoting *Lockhart v. Fretwell*, 506 U.S. 364, 369 (1993)). Under these circumstances, the petitioner "bears the burden of affirmatively proving prejudice." *Bowie v. Branker*, 512 F.3d 112, 120 (4th Cir. 2008). If the petitioner fails to meet this burden, a "reviewing court need not even consider the performance prong." *United States v. Rhynes*, 196 F.3d 207, 232 (4th Cir. 1999), *vacated on other grounds*, 218 F.3d 310 (4th Cir. 2000).

The Sixth Amendment right to the assistance of counsel during criminal proceedings extends to the plea-bargaining process. *See Missouri v. Frye*, 566 U.S. 134 (2012). Thus, criminal

defendants are "entitled to the effective assistance of competent counsel" during that process. *Lafler v. Cooper*, 566 U.S. 165, 162 (2012) (internal quotations omitted); *Merzbacher v. Shearin*, 706 F.3d 356, 363 (4th Cir. 2013). As a general rule, defense counsel has the duty to communicate formal plea offers that may be favorable to the accused. *Frye*, 566 U.S. at 145. To show prejudice from ineffective assistance of counsel where a plea offer has lapsed or been rejected because of counsel's deficient performance, a defendant must demonstrate a reasonable probability he would have accepted the earlier plea offer had he been afforded effective assistance of counsel, as well as a reasonable probability the plea would have been entered without the prosecution canceling it or the trial court refusing to accept it. *Id.* at 147. It is necessary to show a reasonable probability that the end result of the criminal process would have been more favorable by reason of a plea to a lesser charge or a sentence of less prison time. *Id.*

Rule 4(b) of the Rules Governing Section 2255 Proceedings provides that courts are to promptly examine motions to vacate, along with "any attached exhibits and the record of prior proceedings" in order to determine whether the petitioner is entitled to any relief on the claims set forth therein. An evidentiary hearing in open court is required when a movant presents a colorable Sixth Amendment claim showing disputed facts beyond the record or when a credibility determination is necessary in order to resolve the issue. *United States v. Witherspoon*, 231 F.3d 923, 925-27 (4th Cir. 2000); *see also* 28 U.S.C. § 2255(b). In similar cases to Petitioner's, courts have been required to hold an evidentiary hearing to determine whether counsel was ineffective for misadvising a petitioner about a plea offer. *See generally United States v. Witherspoon*, 231 F.3d 923, 926-27 (4th Cir. 2000); *see, e.g.*, *United States v. Ray*, 547 Fed. Appx. 343 (4th Cir. 2013). A trial court has wide discretion in determining the credibility of witnesses and such a credibility determination may only be overturned if clearly erroneous. *See, e.g.*, *McNarin v.*

*Sullivan*, 929 F.2d 974 (4th Cir. 1991). In assessing the credibility of witnesses, trial courts consider "variations of demeanor and tone of voice," *Anderson v. City of Bessemer City, N.C.*, 470 U.S. 564, 575 (1985), as well as documents and objective evidence that may contradict a witness' testimony or reveal inconsistencies. *Id.*

### III. DISCUSSION

As noted above, this Court decided to hold an evidentiary hearing based on the conflicting statements of Petitioner and Mr. Shella, as well as a number of inconsistencies in the parties' briefs and supporting documents. In the Government's response to Petitioner's Motion, it stated that Petitioner "offers no evidence that a plea offer was made," yet the Government never denied that a plea offer was in fact made. (Doc. No. 5, at 8). Later in the same document, the Government states that "no written plea offer was made," (Doc. No. 5, at 8), which was apparently not entirely accurate, at least according to Mr. Shella's Affirmation. *See* (Doc. No. 5-1, at 1) ("I told him the only plea was pleading guilty to the charge because the only plea the government would allow was a plea of guilty to the charge because they knew they had him with overwhelming evidence."). However, Mr. Shella's Affirmation was not quite accurate either because there apparently was discussion amongst the prosecutor and defense attorney about the possibility of a 5K motion, which is to be expected given that Petitioner was a lesser culpable defendant in a trial where the Government would have probably liked his assistance. Moreover, the Court's confidence was shaken by Mr. Shella's Affirmation in which he referred to a § 922(g) charge instead of the actual § 924(c) charge.

These concerns that initially prompted the Court's attention were adequately addressed in the hearing on February 11, 2020. Mr. Shella's testimony clarified the discrepancy in whether a plea was ever offered, and Mr. Shella adequately explained the misstatement in his Affirmation. Mr.

7

Shella testified that he did not have Petitioner's file to review when he made the Affirmation. In addition to Mr. Shella's testimony, Petitioner and the Government introduced emails between the prosecutor and Mr. Shella that further clarified the extent of the plea negotiations between Mr. Shella and the prosecutor.

The Petitioner's Motion turns entirely on a credibility determination. As the Court stated at the end of the hearing, it finds Mr. Shella's testimony considerably more credible and compelling than Petitioner's. Mr. Shella credibly testified to his vast experience in a variety of criminal law matters, including federal prosecutions under the same charges as in this case. Mr. Shella was credible in all respects, and directly refuted Petitioner's claims. Mr. Shella's testimony is corroborated by the emails between him and the prosecutor, as well as other documents in the record. Petitioner's testimony is less credible, considering he maintained his innocence throughout his appeals process, yet states that he was ready to plead guilty with or without a plea agreement from the Government. Petitioner's testimony was not credible in several respects. Accordingly, the Court finds that Petitioner has not met the standard set forth in *Strickland* for ineffective assistance of counsel and will deny Petitioner's Motion.

### IV. ORDER

**IT IS THEREFORE ORDERED** that**:**

1) Petitioner's Motion to Vacate, Set Aside, or Correct a Federal Sentence of Conviction Pursuant to 28 U.S.C. § 2255, (Doc. No. 1), is **DENIED**; and

2) Pursuant to Rule 11(a) of the Rules Governing Section 2254 and Section 2255 Cases, the Court declines to issue a certificate of appealability. *See* 28 U.S.C. § 2253(c)(2); *Miller-El v. Cockrell*, 537 U.S. 322, 338 (2003) (in order to satisfy § 2253(c), a petitioner must

demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (when relief is denied on procedural grounds, a petitioner must establish both that the dispositive procedural ruling is debatable and that the petition states a debatable claim of the denial of a constitutional right).

Signed: February 19, 2020

Kenneth D. Bell
United States District Judge